UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODORE PINDELL,                )
                                 )
        Plaintiff,               )
                                 )
    v.                           )        Civil Action No.  25-01591 (UNA)
                                 )
                                 )
HEIDI M. PASICHOW *et al*.,       )
                                 )
        Defendants.              )

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis* (IFP), ECF No. 2.  For the following reasons, the Court grants the IFP application and dismisses the complaint.

This action stems from proceedings in the Superior Court of the District of Columbia. Plaintiff, a Maryland resident, sues Superior Court Judges Heidi M. Pasichow and Anthony C. Epstein, retired Judge Brian F. Holeman, the Estate of Audrey V. Jones, Trustee David Tripp, Attorney S. Ricardo Narvaiz, Real Estate Agent Andrea Paro, and Real Estate Broker Justin McNair.  Compl. Caption.  Plaintiff alleges that for more than 33 years, he co-owned a residence in the southeast quadrant of Washington, D.C. with Audrey V. Jones.  Compl., ECF No. 1 at 2 ¶ 4.  In 2006, Jones "filed a civil case regarding the property," which she dismissed voluntarily "with prejudice." *Id*. ¶ 5.  In 2017, Jones "reopened a case involving the same parties and same property, falsely claiming an imminent tax sale."  *Id*. ¶ 6.  Invoking 42 U.S.C. § 1983 "and D.C. Law," Plaintiff asserts that he was deprived "of his fully paid residential property . . . through a pattern of judicial misconduct, real estate fraud, and systemic denial of due process."  *Id*. at 1.

Plaintiff claims: Count 1: Violation of Due Process Under the Fourteenth Amendment; Count II: Violation of Equal Protection Under the Fourteenth Amendment; Count III: Taking of Property Without Just Compensation (Fifth and Fourteenth Amendments); Count IV: Fraud on the Court/Judicial Misconduct; Court V: Civil Conspiracy to Violate Civil Rights (42 U.S.C. § 1985). *Id*. at 2-3. He seeks "compensatory damages in an amount exceeding $2,000,000," punitive damages "as appropriate," and declaratory relief. *Id*. at 3.

### A. Claims Against the Judicial Defendants

Plaintiff alleges that (1) Judge Holeman failed for nine months "to rule on [his] timely Motion to Dismiss based on res judicata" and "then issued an omnibus summary judgment order two days before his retirement, ignoring decades of property law"; (2) Judge Epstein "reviewed Plaintiff's Motion to Amend, acknowledged the 2006 case, but denied relief by mischaracterizing the new case as involving 'new facts' "; and (3) Judge Pasichow, who "subsequently assumed the case, denied Plaintiff's rights to a fair hearing, treated him as a trespasser despite co-ownership proven by deed, threatened him with jail, and ordered his removal from the home." Compl. at 2 ¶¶ 7-9. In support of his due process and takings claims, Plaintiff alleges that Defendants failed "to adjudicate his defenses, disregarding res judicata, and ordering his removal and sale of the property without a full and fair hearing," *id*. at 3 ¶ 16, and "by ordering the sale of [his] debt-free home . . . and disbursing the proceeds inequitably . . . effected an unconstitutional taking" of his property "without just compensation," *id*. ¶ 20. In support of his equal protection claim, Plaintiff alleges that Defendants treated him "differently from the opposing party by accepting untimely filings, affidavits without supporting documentation, and punishing Plaintiff for procedural errors not equally applied." *Id*. ¶ 18. In support of his claim of "fraud on the court/judicial misconduct," Plaintiff alleges that Defendants violated his "right to a fair proceeding" and posits that the

opposing party's "false statements" and other misdeeds "influenced judicial decision-making[.]" *Id*. ¶ 22.  In support of his civil conspiracy claim, Plaintiff alleges that Defendants "conspired to interfere with [his] civil rights by coordinating to enforce an invalid claim, manipulating court procedure, and facilitating the unjust removal of [him] from his home for the benefit of private parties." *Id*. ¶ 24.

A court "shall dismiss the case at any time" it "determines that . . . the action . . . is frivolous" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i), (iii).  A "complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted."  *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).  Here, the judicial defendants are absolutely immune because the complaint is predicated on their decisions rendered in cases within their jurisdiction.  *Mirales v. Waco*, 502 U.S. 9, 11-13 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).  Thus, all claims against the Superior Court judges are dismissed with prejudice as "patently frivolous."  *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C.), *aff'd*, 455 F. App'x. 1 (D.C. Cir. 2011); *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (deeming "meritless" an action against "judges who have done nothing more than their duty").

## B. Claims Against the Private Defendants

Plaintiff alleges that real estate agents Paro and McNair "misrepresented their roles and steered the sale to a pre-selected buyer for $289,000, while another offer of $290,000 was rejected and the home resold for $589,000 within 90 days," Compl. at 2 ¶ 10, and that the Jones estate "was unjustly enriched." *Id*. ¶ 14.  Section 1983 creates a cause of action against a person who deprives another of rights secured by the Constitution and federal laws while acting "under color of any

statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia[.]" 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff "must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991). A private defendant's conduct is considered state action when the alleged deprivation is "fairly attributable to the State . . . because he has acted together with or has obtained significant aid from state officials[.]" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Plaintiff's claims of fraud and unjust enrichment do not establish the deprivation of a federal right to sustain his § 1983 claim.

As for the conspiracy claim, Plaintiff generally invokes § 1985 titled "Conspiracy to interfere with civil rights." The subsection titled "Obstructing justice; intimidating party, witness, or juror" describes prohibited conduct in relevant part as

> two or more persons conspir[ing] for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). But the conduct must be "motivated by a racial or class-based discriminatory animus," *Burnett v. Sharma*, 511 F. Supp. 2d 136, 144 (D.D.C. 2007), which Plaintiff has not alleged. In any event, a "common element of [all] provisions of § 1985 is the existence of an actual conspiracy." *Id.* at 143. Thus, to state a § 1985 claim, a plaintiff must plead factually

> (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme.

4

*Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983).  Plaintiff's conclusory allegations are

unavailing.  *See Burnett*, 511 F. Supp. 2d at 143 (citing cases finding same); *Ashcroft v. Iqbal*, 129

556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to state a claim for relief).  Consequently, this case

will be dismissed by separate order.

_____/s/_____
JIA M. COBB
Date: September 5, 2025                    United States District Judge